CLARDY *v.* STATE.

4526                                       214 S. W. 2d 232

Opinion delivered October 25, 1948.

*Marcus Fietz,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

SMITH, J. Appellant was indicted for operating a gambling house, and was found guilty and given a sentence of two years in the penitentiary, from which judgment is this appeal. He was arrested April 23, 1948, and put to trial May 8th thereafter.

For the reversal of the judgment he assigns as error the action of the court in overruling his motion for a continuance upon the ground that he had not been afforded the opportunity to prepare for trial. Two weeks intervened between the date of his arrest and his trial, and no showing was made that this was not ample time in which to prepare the defense.

Appellant insists for the reversal of the judgment that the testimony is not sufficient to show his participation in the operation of the gambling house. That a gambling house was operated is not disputed, and it was stipulated that the house in which it was operated belonged to appellant. The building had been a two-story residence, but it had ceased to be used except as a gambling house. The gambling was conducted on the second floor, the lower floor being used in the sale of beer and the operation of slot machines. There was a table adapted to and used in the operation of a dice game.

This was a ''banking game,'' that is the players did not bet against each other, but all bets were made against

the "house." Winning bets of money were paid and losing bets were collected by an operator who stood behind the table where the dice were shot. No witnesses testified that appellant was seen at this table, but all the witnesses testified that he was always present downstairs where the beer was sold. One witness testified that he saw appellant downstairs forty-five or fifty times, and all the other witnesses testified that appellant was always present when they visited the place which was called "Blue's Place," Blue being the name by which appellant was known. Appellant remained downstairs where he made change and sold beer. His wife worked there also, and sold beer. One of the witnesses testified that upon leaving the place appellant invited him to return. We think this testimony sustains the finding that appellant was concerned with and was a party to the operation of the gambling house.

Error was assigned in permitting the state to show that both appellant and his wife sold beer downstairs. When objection was made to the admission of this testimony, the prosecuting attorney said: "The state is not attempting to offer at this time that he (appellant) sold one bottle of beer or a thousand bottles. The state offers this testimony to show that he was present and taking an active interest in the general operation of the place called 'Blue's Place.'" Witnesses testified that they went to the place to drink beer and to shoot dice. The sale of beer tended to attract patronage and was a part of the plan of operation. In other words, the patrons did drink beer downstairs, and shoot dice upstairs. This testimony tended to show that if the place was not Blue's Place, as it was called, he participated in its operation, and that testimony is sufficient to sustain the conviction.

The judgment must therefore be affirmed and it is so ordered.